In the

United States Court of Appeals

For the Seventh Circuit

_____

No. 16-3554

IN RE SEARS, ROEBUCK AND CO. FRONT-LOADING WASHER
PRODUCTS LIABILITY LITIGATION,

APPEALS OF SEARS, ROEBUCK AND CO. and WHIRLPOOL CORP.

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 06 C 7023, 07 C 412, 08 C 1832
**Mary M. Rowland**, *Magistrate Judge*.

_____

SUBMITTED MARCH 22, 2017 — DECIDED AUGUST 14, 2017

_____

Before POSNER, RIPPLE, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. Sears, the principal defend-
ant/appellant in this class action suit, challenges the district
court's decision to award the plaintiffs' attorneys (class
counsel) 1.75 times the fees they originally had charged for
their work on the case. The judge's reasoning was that the
case was unusually complex and had served the public in-
terest and that the attorneys had obtained an especially fa-
vorable settlement for the class, even though the fees they
sought—$4.8 million with the 1.75 multiplier, versus $2.7

million without—greatly exceeded the likely award of damages to the class.

The suit was based on two defects in washing machines sold by Sears (and Whirlpool, but to simplify the opinion we'll confine discussion to Sears): a control unit defect and a problem of mold. The case moved slowly but in 2013 two plaintiff classes were certified, one ultimately consisting of owners of machines manufactured between 2004 and 2006 that had been affected by the control unit defect, the other of owners of machines affected by the mold. Sears settled with both classes; its appeal is limited to challenging the fees awarded to class counsel by the district court, because the settlement left it to the court to determine the fees. Oddly, the amount of damages that the class will receive has not yet been determined; to that important extent the settlement is incomplete. The district court, however, accepted Sears' estimate that the class members would receive no more than $900,000 from the settlement.

Class counsel agreed to seek no more than $6 million in attorneys' fees. They claimed to have incurred $3.16 million in fees but asked the court to multiply this figure by 1.9 to account for what they claimed to be their extraordinary effort in the case. They subsequently increased their base fee estimate to $3.25 million, having discovered additional billable time, but at the same time reduced their multiplier request from 1.9 to 1.85. Under either calculation class counsel were seeking approximately $6 million. The district court, however, concluded that they were entitled to a base fee of only $2,726,191, which the court multiplied by 1.75, making the total fee award $4,770,834.

Class counsel defend the large fee award on the basis of "the novelty/complexity of the legal issues involved, the degree of success obtained, the public interest advanced by the litigation, the fact that fees were contingent on the outcome of the case, and to a lesser extent the preclusion of certain class counsel from working on other cases." Although the district court rejected the last two factors, it deemed the first three (novelty/complexity, degree of success, and public interest) adequate to warrant the 1.75 multiplier. That was questionable, because novelty and complexity influence the base fee—the more novel and complex a case, the more hours will be billed and the higher the hourly billing rates will be. See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2011). The district court, comparing the hourly rates sought by class counsel with the complexity of their work, concluded that for the most part the case wasn't very complex—it was just about whether or not Sears had sold defective washing machines. This conclusion leaves us puzzled about the court's decision nevertheless to allow a multiplier.

What is true is that the average multiplier in this circuit when the court awards a multiplier has been 1.85, making the judge's 1.75 multiplier in line with past practice, though in the nation as a whole that average falls to .88 in cases in which the class receives less than $1.1 million in compensation, Theodore Eisenberg & Geoffrey P. Miller, "Attorney Fees and Expenses in Class Action Settlements: 1993–2008," 7 *J. Empirical Legal Studies* 248, 272, 273-74 (2010), as may turn out to be the case here.

In two class action cases, *Pearson v. NBTY, Inc.*, 772 F.3d 778, 780–81 (7th Cir. 2014) and *Redman v. RadioShack Corp.*, 768 F.3d 622, 630–31 (7th Cir. 2014), we've said that a district

court should compare attorney fees to what is actually re-
covered by the class and presume that fees that exceed the
recovery to the class are unreasonable. See *Pearson*, 772 F.3d
at 782. The presumption is not irrebuttable, however, and in
this case the extensive time and effort that class counsel had
devoted to a difficult case against a powerful corporation
entitled them to a fee in excess of the benefits to the class.
But they failed to prove that a reasonable fee would exceed
$2.7 million—the pre-multiplier figure sought by class coun-
sel and already thrice the damages awarded the class. We
therefore reverse the judgment of the district court and re-
mand with directions to award $2.7 million—no more, no
less—in fees to the class counsel.